

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL AMILCAR GOMEZ-CABRERA,<br><br>    Petitioner,<br><br>v.<br><br>JEREMY CASEY, et al.,<br><br>    Respondents. | No. 3:26-cv-02330-BTM-DEB<br><br>**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Leonel Amilcar Gomez Cabrera's amended petition for a writ of habeas corpus.

### A.      Background

Petitioner, a native of Honduras, was ordered removed in 2008—and he was removed.  But in January 2025, Petitioner was detained by immigration officials in the interior of the United States.  Immigration officials reinstated Petitioner's 2008 removal order.  Petitioner sought withholding of removal.  An immigration judge (IJ) denied Petitioner's application in June 2025.  Petitioner appealed to the Board of Immigration Appeals (BIA).  In February 2026, the BIA affirmed the IJ's decision.

Petitioner filed a petition for review with the Ninth Circuit in February 2026. Petitioner claims that his removal is not reasonably foreseeable, and thus that he is entitled to be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The Government contends that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a), but the Government does not oppose a bond hearing.

### B.      Discussion

The Court rejects Petitioner's reliance on *Zadvydas*.  The Ninth Circuit has already rejected the application of *Zadvydas* to this situation, that is, where a noncitizen is appealing to the Ninth Circuit and the Government is not yet trying to execute the removal order.  *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008).  *Zadvydas* applies where the Government is not able to execute a final order of removal.  *Id.* at 1063 ("Removal was not reasonably foreseeable in *Zadvydas* because no country would accept the deportees, or the United States lacked an extradition treaty with their receiving countries.").  Petitioner here, in contrast, "has been found removable by both the IJ and the BIA, but has sought judicial relief from that removal order, thereby delaying his deportation." *Id.* at 1064.  Petitioner "foreseeably remains *capable* of being removed -- even if it has not yet finally been determined that he *should* be removed," and thus *Zadvydas* is inapplicable.  *Id.* at 1065; *accord G.P. v. Garland*, 103 F.4th 898 (1st Cir.

2024) (distinguishing *Zadvydas* in this context); *Castaneda v. Perry*, 95 F.4th 750 (4th Cir. 2024) (same); *Martinez v. Larose*, 968 F.3d 555 (6th Cir. 2020).

The Court agrees with Petitioner that a bond hearing is not required by statute. *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that §1231, not §1226, governs the detention of aliens subject to reinstated orders of removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal."). However, Petitioner could pursue a claim for a bond hearing based on the length of his detention. But he has not done so. The Court will permit Petitioner to file an amended petition to assert alternative claims for relief.

## C.    Conclusion

For the reasons stated, the amended petition for a writ of habeas corpus is **denied**. No later than June 19, 2026, Petitioner may file an amended petition seeking alternative relief.

**IT IS SO ORDERED.**

Dated:  June 3, 2026

Honorable Barry Ted Moskowitz
United States District Judge

3