**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONEL AMILCAR GOMEZ CABRERA,<br>Petitioner,<br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Acting Attorney, General, Department of Justice; TODD LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Officer; JEREMY CASEY, Warden at Imperial Regional Detention Center,<br>Respondents. | Case No.: 3:26-cv-02330-BTM-DEB<br><br>**ORDER GRANTING SECOND AMENDED HABEAS PETITION**<br><br>**[ECF NO. 14]** |

Pending before the Court is Petitioner Leonel Amilcar Gomez Cabrera's second amended petition for a writ of habeas corpus. For the reasons stated below, the petition is granted.

//

Gomez Cabrera, a native of Honduras, was detained at the U.S. border and removed in 2008. (ECF No. 8 ("Am. Pet."), at 2.) In 2019, Gomez Cabrera returned to the United States in order to flee political persecution in Honduras. (ECF No. 19-1 ("Second Am. Pet."), at 2.) In January 2025, he was arrested by U.S. Immigration and Customs Enforcement ("ICE"), his prior removal order was reinstated, he was detained under 8 U.S.C. § 1231(a), and an Immigration Judge referred him to withholding-only proceedings. (*Id.*) Gomez Cabrera applied for asylum but his application was denied by an Immigration Judge in June 2025. (*Id.*) He appealed the denial of his asylum application to the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's decision in February 2026. (Am. Pet. at 4.) Gomez Cabrera appealed the BIA's decision to the Ninth Circuit, where it is currently pending. *See Gomez Cabrera v. Blanche*, United States Court of Appeals for the Ninth Circuit, Case No. 26-948. The Ninth Circuit has issued a stay of removal.

Gomez Cabrera filed a petition for the writ of habeas corpus on April 13, 2026 (ECF No. 1 ("Pet.").) In his Second Amended Petition, Gomez Cabrera requests a bond hearing based on prolonged detention. Gomez Cabrera is currently detained at the Imperial Regional Detention Facility where he has been in custody for approximately eighteen months.

Gomez Cabrara claims the Due Process Clause of the Fifth Amendment prohibits unreasonably prolonged immigration detention without a bond hearing (Second Am. Pet. at 14.) The parties appear to agree that Gomez Cabrera is detained under 8 U.S.C. § 1231(a) and currently in withholding-only proceedings. The Respondents also concede that given the length of detention, they do not oppose this Court ordering that Gomez Cabrera receive an individualized bond hearing before an Immigration Judge.

Due to the length of Gomez Cabrera's detention and the Respondents' non-opposition, on or before August 20, 2026, unless Gomez Cabrera requests a continuance, the Respondents are ordered to grant Gomez Cabrera an individualized bond hearing before a fair, neutral, and open-minded Immigration Judge. The Immigration Judge shall consider

where Gomez Cabrera will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an Immigration Judge to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024): (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States, and any other factors the Immigration Judge deems relevant in this particular case. *See also Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).

If the Immigration Judge denies bond, the judge must make specific findings as to why Gomez Cabrera is a danger to the community or a flight risk, and the Respondents must make the audio of the hearing available to Gomez Cabrera's counsel. If the Respondents fail to comply with this writ, Gomez Cabrera can apply to this Court for relief.

For the reasons stated, the second amended petition for a writ of habeas corpus is **GRANTED**. The Respondents are ordered to grant Gomez Cabrera an individualized bond hearing before a fair, neutral, and open-minded Immigration Judge in accordance with the requirements ordered above.

The parties shall file a joint statement as to compliance with this writ and order and the result of the bonding hearing by 5 p.m. on August 21, 2026. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: August 5, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge